FILED'10 APR 12 14:56 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GEORGE SIMONSEN,                     Civil No. 09-249-AA
                                               OPINION AND ORDER
    Plaintiff,

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

---

David B. Lowry
9900 SW Greenburg Road
Columbia Business Center, Suite 130
Portland, Oregon 97223
    Attorney for plaintiff

Dwight Holton
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

David Morado
Regional Chief Counsel
J. Jamala Edwards
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

AIKEN, Chief Judge:

1   - OPINION AND ORDER

Claimant, George Simonsen, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner denying his application for Supplemental Security Income (SSI) benefits under Title XVI of the Act. For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for SSI on September 16, 2003. Tr. 56-58. He alleged disability since June 1, 2000 due to depression, anxiety, shoulder problems and Hepatitis C. Tr. 73. After the claim was denied initially and upon reconsideration, a hearing was conducted on May 17, 2005 by Administrative Law Judge (ALJ) Lazuran. Tr. 438-96. On December 30, 2005, the ALJ issued a decision denying the application. Tr. 16-24. After the Appeals Council declined review, plaintiff filed a complaint in this court.

On January 8, 2008, this court ordered supplemental proceedings and on January 31, 2008, the Appeals Council remanded for such proceedings. Tr. 525-532. On July 18, 2008, ALJ Lazuran conducted a supplemental hearing. Tr. 691-729. On February 2, 2009, ALJ Lazuran found plaintiff not disabled. Tr. 497-517. After the Appeals Council declined review, plaintiff again filed a complaint in this court. Tr. 522-23.

## STATEMENT OF THE FACTS

Born in 1953, plaintiff was 55 years old at the time of the most recent hearing decision. Tr. 56. Plaintiff obtained a general equivalency diploma. Tr. 77. He had past work as a

2 - OPINION AND ORDER

laborer. Tr. 87.

**STANDARD OF REVIEW**

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

3      - OPINION AND ORDER

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520©, 416.920©. If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e)-(g), 416.920(e)-(g). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

**DISCUSSION**

1. The ALJ's Findings

At Step One the ALJ found that after the protective filing date of September 16, 2003, plaintiff worked part-time for 2.5 years at Aluminum Anodizing. Tr. 503. The ALJ noted that during calendar years 2005, 2006, and 2007, plaintiff earned more than the minimum levels required to constitute substantial gainful

4    - OPINION AND ORDER

activity. Tr. 503, 561, 566. The ALJ requested that plaintiff submit copies of his pay stubs for these years. Plaintiff did not comply with this request. The ALJ, however, then determined that plaintiff had not engaged in substantial gainful activity since his application date in order to fully reach a determination on the issue of disability. Tr. 503.

At Step Two, the ALJ determined that plaintiff had the following severe impairments: drug addiction, adjustment disorder with anxiety, and anti-social personality disorder. Tr. 503. At Step Three, the ALJ found plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 511.

The ALJ then found plaintiff had the residual functional capacity (RFC) to perform medium exertion work where he could lift 80 pounds on an occasional basis and 25 pounds on a frequent basis. Tr. 511, 515. The ALJ further found that plaintiff could stand/walk for 2 hours at a time and 6 hours in an 8-hour workday, and sit for 3-4 hours at a time and 7 hours in a 8-hour workday. Tr. 515. Plaintiff was limited to activities that did not involve exposure to hazards such as working at unprotected heights or around machinery with moving exposed parts. Id. Finally, plaintiff could perform short, simple, unskilled work tasks that did not involve contact with the public. Id.

At Step Four, the ALJ found that plaintiff has not worked on a regular and continuing full-time basis since 1983. Id. Therefore, plaintiff had no past relevant work.

At Step Five, based on vocational testimony, the ALJ found that plaintiff could perform work existing in significant numbers in the national economy. Tr. 516. Examples of that work

5    - OPINION AND ORDER

included: janitor, hand packager, and laundry worker. Id.

### 2. Plaintiff's Allegations of Error

Plaintiff first argues the ALJ erred by failing to obtain all of the medical records and fully develop the record. The Commissioner "shall develop a complete medical history of at least the preceding twelve months" and "shall make every reasonable effort to obtain from the individual's treating physician (or other treating health care provider) all medical evidence[.]" 42 U.S.C. section 423(d)(5)(B). It is well established that an ALJ has a duty to "fully and fairly" develop the record. Smolen v. Chater, 80 F.3d 1273 (9th Cir. 1996).

Plaintiff asserts that the ALJ erred because although plaintiff had been incarcerated, the ALJ refused to order plaintiff's medical treatment notes from the prison as requested by plaintiff's counsel. Plaintiff also asserts that the ALJ further erred by failing to order an updated consultative exam to address plaintiff's mental impairments.

I find no error by the ALJ in this regard, and note that plaintiff does not challenge the ALJ's adverse credibility determination or her analysis of the medical evidence. The ALJ only has a duty to develop the record when there is insufficient information to render a decision. 20 C.F.R. section 416.927(c)(3). The ALJ had sufficient information on the record before her to make a decision. Notably, she did not find that the record was either ambiguous or inadequate. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). Therefore, the ALJ had no duty to develop the record further. 20 C.F.R. section 404.1527(c)(1)-(4). Here, the ALJ indicated that she would

6    - OPINION AND ORDER

review plaintiff's medical records from his incarceration if submitted by plaintiff, but would not undertake the responsibility to obtain these records. Tr. 727-28. The requirement that the ALJ develop the record does not excuse plaintiff of his obligation to prove that his is disabled. Further, the ALJ reviewed the medical evidence regarding plaintiff's mental impairments and found that his consistent drug and alcohol abuse, failure to comply with drug and alcohol treatment, failure to comply with medication regimes, continued employment and extensive criminal history reflected poorly on plaintiff's credibility and suggested plaintiff had a higher level of functioning than alleged. Tr. 503-11. Therefore, the fact that the ALJ did not obtain a consultative mental examination was not error as the record provided sufficient evidence to demonstrate that plaintiff was not mentally disabled. The ALJ had substantial evidence in the record to support her decision, I find no error.

Plaintiff next argues that the ALJ erred by ignoring the documentation regarding the lack of data for the numbers of jobs at the national and regional levels.

The ALJ found that plaintiff could not perform any of his past relevant work, therefore the burden shifted to the Commissioner to show that there was other work, existing in significant numbers in the national economy, that plaintiff could perform. The Commissioner relied on the testimony of a vocational expert and the Guidelines. The vocational expert testified that given a hypothetical person with plaintiff's RFC and credible limitations, there existed a number of jobs

7   - OPINION AND ORDER

plaintiff could perform. They were: janitor, hand packager, and laundry worker. Tr. 516, 724-26 (for numbers of jobs existing locally and nationally for each category). Plaintiff argues that the vocational expert failed to provide a foundation for her testimony regarding the numbers of jobs available in the local and national economy. Pl's Br, p. 15-16. I find plaintiff's assertion of error is without merit. At Step Five of the sequential evaluation process, an ALJ may generally rely on vocational expert testimony. 20 C.F.R. section 404.1566(e). Here, plaintiff stated he would not stipulate as to whether the vocational expert was qualified to testify about the numbers of jobs. Tr. 720. Plaintiff, however, did not raise any objection as to the jobs identified by the vocational expert or the numbers in which those jobs existed. Tr. 727. Plaintiff has not provided any basis as to why the numbers provided by the vocational expert are inaccurate or any basis for establishing contrary numbers. I find no requirement for the ALJ to lay a foundation for vocational expert testimony on the number of identified jobs. Osenbrock v. Apfel, 240 F.3d 1157, 1163 (9th Cir. 2001). A vocational expert's recognized and stipulated expertise is the foundation. In fact, plaintiffs are on notice that the Commissioner relies on vocational experts. See SSR 00-4p (2000 WL 1898704). Here, plaintiff's attorney was notified that the vocational expert would be testifying at the hearing. Tr. 539-42. The ALJ did not err in taking administrative notice of any reliable job information, including job information provided by a vocational expert's testimony. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). Finally, I reject the letters

8    - OPINION AND ORDER

submitted by plaintiff as providing evidence that undermines the ALJ's decision. See Aleksashin v. Apfel, 1999 WL 562691, *8-9 (D. Or. 1999)("vocational rehabilitation reports of Shook and Leese, both of whom concluded that Aleksashin was unemployable" were not significant probative evidence). Here, a stipulated expert testified to the existence of facts. Her "Professional Profile" specifically states evidence she provides is based on "knowledge of and experience with the existence and incidence of jobs" as well as "[e]xperience with industrial and occupational trends, and local labor market conditions." Tr. 558. The ALJ properly relied on the unchallenged testimony of the vocational expert and held that plaintiff could perform other work that exists in significant numbers. This finding was based on substantial evidence and is without error.

### CONCLUSION

The Commissioner's decision is based on substantial evidence, and is therefore, affirmed. This case is dismissed. IT IS SO ORDERED.

Dated this 17th day of April 2010.

_____
Ann Aiken
United States District Judge

9   - OPINION AND ORDER